No. 2--95--0877                              

_________________________________________________________________

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              SECOND DISTRICT

_________________________________________________________________

AARDVARK ART, INC.,           )  Appeal from the Circuit Court

                              )  of Du Page County.

     Plaintiff-Appellant,     )  

                              )  No. 91--CH--1130

v.                            )

                              )

LEHIGH/STECK-WARLICK, INC.,   )  Honorable

                              )  Richard A. Lucas,

     Defendant-Appellee.      )  Judge, Presiding.

_________________________________________________________________

     JUSTICE HUTCHINSON delivered the opinion of the court:

     This cause was commenced by the filing of a suit by plaintiff,

Aardvark Art, Inc., against defendant, Lehigh/Steck-Warlick, Inc.,

for breach of contract.  Following a first trial, the court entered

judgment on a jury verdict in favor of plaintiff and against

defendant in the sum of $1,695,833.  The first trial court

submitted only one of plaintiff's several damages claims to the

jury, a claim for the "diminished value" of plaintiff's business. 

The first trial court directed a verdict against plaintiff on its

other damages claim for "lost profits."  Plaintiff did not appeal

the directed verdict on its "lost profits" claim.  Defendant

appealed from the "diminished value" damages judgment.  

     On the first appeal, this court reversed and remanded the

cause for a new trial on the issue of damages only, holding that

(a) the trial court erred in failing to instruct the jury to

disregard the evidence of lost profits in view of the court's

directed verdict against plaintiff on its lost profits claim; and

(b) the jury's verdict was tainted by evidence in support of that

claim.  Aardvark Art, Inc. v. Lehigh/Steck-Warlick, Inc., 212 Ill.

App. 3d 492, 495-96 (1991).   At the conclusion of the damages

trial on remand, defendant offered, and the court allowed over

objection, a verdict form allowing the jury to find "against"

plaintiff and "for" defendant.  The jury returned a verdict of no

damages on plaintiff's diminished value claim.  This second appeal

follows.  

     On this second appeal, plaintiff contends:  (1) the trial

court erred (A) in failing to follow this court's mandate when it

improperly gave the jury grounds to return a finding that did not

determine damages alone, (B) in precluding plaintiff from

introducing lost profits damages testimony, and (C) in permitting

defendant's experts to violate Supreme Court Rule 220 (134 Ill. 2d

R. 220) and give opinions at trial beyond the scope of their

opinions disclosed before trial; (2) the jury's verdict is contrary

to the manifest weight of the evidence; and (3) plaintiff's case

was prejudiced by the erroneous admission of irrelevant evidence

and by defense counsel's improper conduct.  We reverse and we

remand with directions.  

     Plaintiff first argues that the trial court erred in failing

to follow this court's mandate when it improperly gave the jury an

opportunity to return a finding that did not determine damages

alone.

          "The correctness of the trial court's action on remand is

     to be determined from the appellate court's mandate, as

     opposed to the appellate court opinion.  [Citations.] 

     However, if the direction is to proceed in conformity with the

     opinion, then, of course, the content of the opinion is

     significant.  [Citations.]  In construing the language,

     matters which are implied may be considered embraced by the

     mandate.  [Citation.]  The trial court may only do those

     things directed in the mandate.  [Citations.]  The trial court

     has no authority to act beyond the dictates of the mandate. 

     Thus, the controlling question in the appeal from the remand

     in this case is whether the trial court complied with the

     mandate."  PSL Realty Co. v. Granite Investment Co., 86 Ill.

     2d 291, 308-09 (1981).  

     A new trial dealing solely with the question of damages 

          "is appropriate where (1) the jury's verdict on the

     question of liability is amply supported by the evidence; (2)

     the questions of damages and liability are so separate and

     distinct that a trial limited to the question of damages is

     not unfair to the defendant; and (3) the record suggests

     neither that the jury reached a compromise verdict nor that,

     in some identifiable manner, the error which resulted in the

     jury's awarding inadequate damages also affected its verdict

     on the question of liability."  Raithel v. Dustcutter, Inc.,

     261 Ill. App. 3d 904, 906-07 (1994).  

     With regard to a contract action, it is well established: 

          "To meet his burden in a breach of contract action, the

     plaintiff must establish an offer and acceptance,

     consideration, definite and certain terms of the contract,

     plaintiff's performance of all required contractual

     conditions, the defendant's breach of the terms of the

     contract, and damages resulting from the breach."  Mannion v.

     Stallings & Co., 204 Ill. App. 3d 179, 186 (1990).

     With regard to jury instructions, 

          "[i]n general, the criterion for determining the adequacy

     of jury instructions is whether, taken as a whole and in

     series, they fairly, fully, and comprehensively apprised the

     jury as to applicable legal principles [citation], and a jury

     instruction should not assume as true any version of disputed

     facts which the jury should be expected to resolve

     [Citation]."  Pietka v. Chelco Corp., 107 Ill. App. 3d 544,

     554 (1982).

     Initially, defendant urges that plaintiff has waived this jury

instruction issue.  It is arguable that plaintiff did not object to

defendant's proposed verdict form at the jury instruction

conference.  Therefore, plaintiff would be barred from raising any

objection here.  See, e.g., 155 Ill. 2d R. 366(b)(2)(iii); Brown v.

Decatur Memorial Hospital, 83 Ill. 2d 344, 350 (1980); Village of

Worth v. Hahn, 206 Ill. App. 3d 987, 991-92 (1990).  However, after

a careful review of the record, we find that plaintiff did dispute

defendant's proposed verdict form by stating, "we don't think they

are entitled to a verdict in favor of Lehigh."  Furthermore, with

respect to plaintiff's alleged acquiescence to defendant's proposed

verdict form, it should be noted that (1) plaintiff's alleged

acquiescence occurred only after the trial court ruled, "We'll give

it to them"; and (2) plaintiff's alleged acquiescence may have

resulted from a fear that had they not acquiesced, they might not

have been able to submit their own verdict form.  In either case,

we determine that this argument was not waived.  Therefore, we will

address the issue of whether the trial court complied with the

mandate.

     The mandate states that the judgment is reversed and the cause

remanded "for a new trial on the issue of damages only."  Aardvark

Art, 212 Ill. App. 3d at 496.  By submitting a verdict form which

allowed the jury to find "against" plaintiff and "for" defendant,

the trial court allowed the jury to address the issue of liability. 

We recognize that the same result could have been reached without

the submission of defendant's verdict form.  In other words, using

plaintiff's verdict form, the jury could have come back with a

damages award of $0.  However, this is not the issue.  The fact

remains that defendant's submitted verdict form went beyond the

scope of the mandate by indicating that the previously adjudicated

issue of liability was somehow in question.  Therefore, we must

conclude that the trial court erred when it improperly  gave the

jury an opportunity to return a verdict that did not determine

damages alone. 

     As a result of the foregoing analysis, we find it unnecessary

to reach the issue of whether the jury's verdict was contrary to

the manifest weight of the evidence.  In fact, our order could end

here.  However, we will address plaintiff's remaining arguments

independent of our earlier determination in an effort to assist the

parties on this second remand. 

     Next, plaintiff contends the trial court erred in precluding

plaintiff from introducing lost profits damages testimony. 

Specifically, plaintiff argues that (1) since the issue of lost

profits testimony was not decided by the prior appeal taken by

defendant, the "law of the case" doctrine is inapplicable; and (2)

the trial court further erred in allowing defendant to introduce

lost profits testimony, while precluding plaintiff from doing so.

     Under the law of the case doctrine,

          "a legal decision made at one stage of litigation,

     unchallenged in a subsequent appeal when the opportunity to do

     so existed, becomes the law of the case for future stages of

     the same litigation, and the parties are deemed to have waived

     the right to challenge that decision at a later time. 

     [Citations.]  The doctrine encompasses a court's explicit

     decisions, as well as those issues decided by necessary

     implication."  Williamsburg Wax Museum, Inc. v. Historic

     Figures, Inc., 810 F.2d 243, 250 (D.C. Cir. 1987).

     It is well established that "[o]n appellate court reversal and

remand, a trial court is bound by the appellate court's

determination of all questions decided and may act only in

conformance with the appellate court's judgment."  Salkeld v. V.R.

Business Brokers, Inc., 231 Ill. App. 3d 441, 445 (1992).  "The law

of the case doctrine provides that a question of law decided on a

previous appeal is binding on the trial court on remand as well as

the appellate court on a subsequent appeal."  Martin v. Federal

Life Insurance Co., 268 Ill. App. 3d 698, 701 (1994).  However,

"invoking the law of the case might still not preclude

reconsideration of an earlier judge's order if the facts before the

court changed or error or injustice were manifest."  People v.

Williams, 138 Ill. 2d 377, 392 (1990).  

     Furthermore, "[t]he doctrine of res judicata provides that 'a

final judgment rendered by a court of competent jurisdiction on the

merits is conclusive as to the rights of the parties and their

privies, and, as to them, constitutes an absolute bar to a

subsequent action involving the same claim, demand or cause of

action.' "  (Emphasis in original.)  Housing Authority v. Young

Men's Christian Ass'n, 101 Ill. 2d 246, 251 (1984), quoting People

v. Kidd, 398 Ill. 405, 408 (1947).

     "The rule is that no question which was raised or could have

been raised in a prior appeal on the merits can be urged on

subsequent appeal and those not raised are considered waived." 

Kazubowski v. Kazubowski, 45 Ill. 2d 405, 413 (1970). 

Nevertheless, "findings of the trial court adverse to the appellee

do not require the appellee's cross-appeal if the judgment of the

trial court was not at least in part against the appellee." 

Anderson v. Sutter, 119 Ill. App. 3d 1070, 1077 (1983).     

     The crucial issue in terms of our review is whether the first

trial court's directed verdict on plaintiff's lost profits claim

amounted to (1) an evidentiary ruling or (2) a dismissal as a

matter of law, and, in effect, an entry of judgment on that claim. 

We determine that the trial court's directed verdict amounted to an

evidentiary ruling and did not become the law of the case.  This

conclusion is supported by the fact that the trial court's directed

verdict went to the sufficiency of the evidence.  Specifically, the

trial court ruled that "plaintiff has failed to isolate the basis

for lost profits through the sole evidence of its chief executive

officer and I rule that it's not sufficient."  It cannot be implied

from this ruling that no competent witness or evidence is available

to establish the basis for a lost profits claim.  

     In addition, the appellate court chose to reverse and remand

"for a new trial on the issue of damages only."  Aardvark Art, 212

Ill. App. 3d at 496.  It is without question that lost profits can

be considered as part of a damages award.  Had the appellate court

wished to preclude lost profits testimony from consideration on

remand, it could have easily done so.  Nevertheless, the mandate

gave no such restriction on damages testimony during retrial.  

     Since we have determined that the trial court's directed

verdict was an evidentiary ruling, it follows that plaintiff was

not obligated to cross-appeal this issue in order to preserve it

for review.  Therefore, we determine that the trial court erred in

precluding plaintiff from introducing lost profits damages

testimony.  We also determine it was fundamentally unfair that

defendant's experts were allowed to give opinions as to lost

profits whereas plaintiff was not allowed to place lost profits

issues in contention.  We conclude that plaintiff was substantially

prejudiced and the outcome of the trial was affected by the trial

court's ruling precluding plaintiff from introducing lost profits

damages testimony.  As a result, plaintiff is entitled to a

reversal.  Cairns v. Hansen, 170 Ill. App. 3d 505, 511 (1988).  

     Next, plaintiff argues that the trial court erred in

permitting defendant's experts to violate Supreme Court Rule 220

and give opinions at trial beyond the scope of their opinions

disclosed before trial.  Plaintiff argues the purpose behind Rule

220 was frustrated and the rule itself was violated when (1) one of

defendant's expert witnesses, Frank Bernatowicz, gave testimony on

the separate dimunition of value element of damages when his

disclosed opinions before trial all went solely to lost profits;

(2) Bernatowicz offered two widely different damages figures before

trial, then testified at trial completely inconsistently with those

two opinions by stating he believed plaintiff did not suffer any

damages; (3) Jane Donovan was allowed to give expert opinions for

defendant when she had never been disclosed as an expert prior to

trial; and (4) defendant's additional expert (Carr) based his

opinions on information contained in plaintiff's 1987 Small

Business Administration (SBA) loan documentation when the basis for

that opinion had not been disclosed before trial.    

     Supreme Court Rule 220 states, in relevant part:

          "(d) Scope of testimony.  To the extent that the facts

     known or opinions held by an expert have been developed in

     discovery proceedings through interrogatories, depositions or

     requests to produce, his direct testimony at trial may not be

     inconsistent with or go beyond the fair scope of the facts

     known or opinions disclosed in such discovery proceedings." 

     134 Ill 2d R. 220(d) (repealed eff. January 1, 1996).  

Furthermore,

     " '[t]he purpose of the rule is to facilitate trial

     preparation by eliminating last-minute disclosure of expert

     witnesses.  [Citations.]  The rule was designed to eliminate

     this evil by establishing a uniform, but not inflexible,

     framework regarding the timely revelation of the identity of

     expert witnesses and the subject matter of their testimony. 

     [Citations.]  The rule requires that parties act in good faith

     to ascertain the identity of expert witnesses they reasonably 

     anticipate using.' "  Wehde v. Regional Transportation

     Authority, 237 Ill. App. 3d 664, 685 (1992), quoting Vallejo

     v. Mercado, 220 Ill. App. 3d 1, 7-8 (1991).  

     Occurrence witnesses testify "not because they were retained

in the expectation they might develop and give a particular opinion

on a disputed issue at trial, but because they witnessed or

participated in the transactions or events that are part of the

subject matter of the litigation."  Tzystuck v. Chicago Transit

Authority, 124 Ill. 2d 226, 234-35 (1988).  Finally, it should be

remembered that it is within the jury's discretion to resolve

conflicts in the evidence and to make findings regarding the

credibility of the witnesses and the weight to be given to their

testimony.  See Maple v. Gustafson, 151 Ill. 2d 445, 452 (1992).  

     A review of the evidence reveals the interconnected nature

between lost profits and a diminished value claim.  Therefore, it

should reasonably be expected that any testimony regarding one may

necessarily involve the discussion of the other.  Furthermore,

resolving inconsistencies in Bernatowicz's testimony was within the

province of the jury.  With respect to Donovan and Carr, we

determine that the trial court did not err in admitting their

testimony.  After a careful review of the record and the case law,

we determine that the trial court did not err, nor did it abuse its

discretion when it allowed defendant's expert testimony.  Even

assuming the trial court erred, we determine that such error would

be harmless.  

     Last, plaintiff argues that its case was prejudiced by the

erroneous admission of irrelevant evidence and by defense counsel's

improper conduct.  Plaintiff contends (1) the trial court

improperly allowed defendant to cross-examine plaintiff's president

and chief executive officer (McGlothlin) regarding his application

for an SBA loan in 1987; (2) despite a court order prohibiting

witnesses from remaining in the courtroom to hear testimony during

trial, defendant nevertheless supplied its own witnesses with

transcripts of the continuing trial testimony before they gave

their testimony; (3) defense counsel improperly spoke with one of

plaintiff's witnesses about her testimony in the hallway outside

the courtroom; and (4) the trial court erred in failing to grant

plaintiff's ninth motion in limine to exclude evidence that

plaintiff failed to mitigate damages and in denying plaintiff's

motion for a directed verdict on the issue of mitigation.

     "The objective of the reviewing court is not to determine

whether the record is totally free of error but whether any error

occurred which substantially prejudiced a party and affected the

outcome below."  Healy v. Bearco Management, Inc., 216 Ill. App. 3d

945, 956 (1991).  "A new trial is necessary when the cumulative

effect of trial errors so deprives a party of a fair trial that the

verdict might have been affected."  Netto v. Goldenberg, 266 Ill.

App. 3d 174, 184 (1994).  "[E]ven if evidence is relevant it may

not be admissible if its probative value is substantially

outweighed by the danger of unfair prejudice; it is a matter for

the sound discretion of the trial court."  Tellone v. North Shore

Dodge, Inc., 271 Ill. App. 3d 885, 888 (1995).  

     We determine that it was reasonable for the trial court to

allow defense counsel to cross-examine McGlothlin regarding his SBA

loan application in order to impeach his testimony that defendant's

breach in essence destroyed plaintiff's company.  With regard to

defense counsel supplying defendant's own witnesses with

transcripts of trial testimony before giving their testimony, there

is evidence in the record that McGlothlin's new diminished value

damages figure was not disclosed to defense counsel until

McGlothlin's testimony at the second trial.  As a result, it was

not unreasonable for defense counsel to make defendant's expert

witnesses aware of this new information at trial.  It might have

been prudent, however, to request relief from the trial court

before engaging in the conduct.

     Furthermore, the record does not lend itself to the conclusion

that defense counsel's conversation with one of plaintiff's

witnesses (Bouchard) was improper in the respect that it affected

her testimony or that it substantially prejudiced plaintiff. 

Finally, with regard to the issue of mitigation, we determine that

there was sufficient evidence to create a triable issue for the

jury.  Therefore, the trial court did not abuse its discretion when

it denied plaintiff's motion for a directed verdict on the issue of

mitigation and when it failed to grant plaintiff's motion in limine

to exclude evidence that plaintiff failed to mitigate damages. 

When viewing the record as a whole, we conclude that any error

which may have occurred did not substantially prejudice plaintiff

or affect the outcome below.

     The history and complexity of this matter mandate additional

direction concerning the jury instructions.  A concise, compact

instruction might read as follows:

     The issue of liability having already been adjudicated,we, the

     jury, find for AARDVARK and against LEHIGH inthe amount of

     $__________.

However, this court's first mandate might better be served by a

more expansive and defining instruction such as:

     The issue of liability has already been adjudicated in favor

     of AARDVARK.  Whether any elements of damages have been proved

     is for you to determine.  You must fix the amount of money, if

     any, which reasonably and fairly compensates AARDVARK for any

     of the following elements of damages    proved by the evidence

     to have resulted from the breach of contract by LEHIGH:

          1.  The value of earnings and profits lost and present

     cash value of earnings and profits reasonably certain to be

     lost in the future in the amountof $___________; and

          2. The difference between the fair market value

     immediately before the occurrence and its fair market value

     after the occurrence in the amount of $__________.

          We, the jury, find for AARDVARK and against LEHIGH in the

     total amount of $_____________.

     For the foregoing reasons, we reverse the judgment of the

circuit court of Du Page County, and we remand the cause for a new

trial with instructions consistent with this opinion.  

     Reversed and remanded with directions.  

     McLAREN, P.J., and GEIGER, J., concur.