THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
NOBLE SMITH, Defendant-Appellant.
Third District    No. 3—87—0422

Opinion filed March 9, 1988.

WOMBACHER, J., dissenting.

Verlin R. Meinz, of State Appellate Defender's Office, of Ottawa, for appellant.

William Herzog, State's Attorney, of Kankakee (Rita Kennedy Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

Following a bench trial, the court found that by reason of insanity, the defendant Noble Smith was not guilty of murder. In the related subsequent proceedings under section 5—2—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 1005—2—4), the court ordered the defendant involuntarily committed to the Department of Mental Health and Developmental Disabilities (the Department).

The defendant brought the instant appeal, seeking a new involuntary admission hearing. The defendant argues that the court's commitment order must be reversed because the court refused the defendant's request for an examination by an independent mental health expert and because the court allowed testimony from psychiatrist Donald Rendleman although Dr. Rendleman had examined the defendant without giving a preexamination warning. He argues that these two failings were respective violations of sections 3—804 and 3—208 of the Mental Health and Developmental Disabilities Code (the Code) (Ill. Rev. Stat. 1985, ch. 91½, pars. 3—804, 3—208).

Section 5—2—4 of the Unified Code of Corrections provides that after a defendant is found guilty by reason of insanity, the Department shall evaluate him and report to the court. Thereafter, "[t]he Court shall hold a hearing as provided in the Mental Health and Developmental Disabilities Code" and order the defendant to the Department if it determines that the defendant is subject to involuntary admission. Ill. Rev. Stat. 1985, ch. 38, par. 1005—2—4(a).

Section 3—804 of the Code provides that a respondent being tried for involuntary admission "is entitled to secure an independent examination by *** [an] expert of his choice. If the respondent is unable to obtain an examination, he may request that the court order an examination to be made ***." Ill. Rev. Stat. 1985, ch. 91½, par. 3—804.

Section 3—208 of the Code provides that "[w]henever a petition has been executed pursuant to Section 3—507 [admission of a minor with objections], 3—601 [emergency involuntary admission by certification], or 3—701 [involuntary admission by court order]," the person examining the respondent for the purpose of certification may not "testify at any subsequent court hearing concerning the respondent's admission" unless the examiner comprehensibly informed the respondent that he did not have to talk to the examiner and that any statements he made might be disclosed at a court hearing on whether the

respondent was subject to involuntary admission. Ill. Rev. Stat. 1985, ch. 91½, par. 3—208.

The record is clear that following the defendant's insanity acquittal, and during the resulting proceedings pursuant to section 5—2—4 of the correctional Code, the court denied the defendant's request for appointment of an independent examiner of his mental health. Also, it is clear that Dr. Rendleman testified at the defendant's involuntary admission hearing although he had evaluated the defendant for the court without giving any preexamination warnings. The defendant submits that the involuntary admission proceedings were fatally flawed in that the court ignored sections 3—804 and 3—208 of the Code. He asserts that because of those errors we must reverse the involuntary admission order and remand for a new hearing. We disagree.

■■ We need not address the merits of the defendant's argument that under section 3—804 of the Code he should have been allowed an examination by an independent expert. He has waived that issue. The issue was broached at a hearing preliminary to the hearing on involuntary commitment. At that preliminary hearing, the defendant's counsel requested appointment of an additional expert to examine the defendant's mental health. The State objected "if the statute does not provide for it." Defendant's counsel responded to the State's objection as follows: "I don't think it is an issue of—statutory issue. It is a due process issue. I don't think we need to look at a specific statute for it, but I will be happy to leave that for the Court."

Objections on specific grounds waive all grounds not specified. (See *Bradfield v. Illinois Central Gulf R.R. Co.* (1987), 115 Ill. 2d 471, 505 N.E.2d 331.) We find that by failing to object on the relevant statutory grounds, the defendant waived his right to present this statutory argument on appeal. The defendant's invitation for the trial court to consider unspecified statutory grounds did not aid the court, did not provide the State an opportunity to respond, and was not sufficient to preserve the issue.

■ Regarding the defendant's argument on the propriety of Dr. Rendleman's testimony, the State initially argues that the restraints of section 3—208 do not apply to this proceeding. To examine the State's argument, we engage in basic statutory construction. In that regard, our primary goal is to effect the legislative intent. (*People v. Bratcher* (1976), 63 Ill. 2d 534, 349 N.E.2d 31.) That intent, of course, can best be determined by the plain and ordinary meaning of the statutory language. *People v. Pettit* (1984), 101 Ill. 2d 309, 461 N.E.2d 991.

By the clear language of section 3—208, that section restricts an examiner's testimony in involuntary admission proceedings "[w]henever a petition has been executed pursuant to Section 3—507, 3—601 or 3—701 [of the Code]" and the examiner for the purpose of certification has omitted specific warnings to the respondent. (Ill. Rev. Stat. 1985, ch. 91½, par. 3—208.) As the statute enumerates the categories of involuntary admission proceedings which it affects, and as the statute omits any reference to the instant category of involuntary admission proceedings, i.e., proceedings initiated under section 5—4—2 of the correctional Code following an insanity acquittal, we find that it reveals the legislative intent that the safeguards of section 3—208 do not apply to insanity acquittal proceedings such as those before us. Hence, any noncompliance with the dictates of section 3—208 is no basis to reverse the order of the trial court.

Based on the foregoing, the judgment of the circuit court of Kankakee County is affirmed.

Affirmed.

BARRY, P.J., concurs.

JUSTICE WOMBACHER, dissenting:
I respectfully dissent from this court's finding that defendant waived his right to an independent examination by an expert of his choice, as provided by section 3—804 of the Mental Health and Developmental Disabilities Code (Ill. Rev. Stat. 1985, ch. 91½, par. 3—804). While the attorneys for the State and defendant, as well as the court, may have been unaware of this right of defendant, it does not necessarily follow that the defendant consciously and knowingly waived his rights. I would reverse and remand for a new hearing on the issue.