MERCEDES ALVARADO, Plaintiff-Appellee, v. IRAIDA PINEIRO GOEPP, Defendant-Appellant.

First District (1st Division)   No. 1—94—0538

Opinion filed March 18, 1996.

Barry G. Bollinger and Kelly A. Giampa, both of Bollinger, Ruberry & Garvey, of Chicago, for appellant.

No brief filed for appellee.

JUSTICE WOLFSON delivered the opinion of the court:

Plaintiff, Mercedes Alvarado, filed a dental malpractice suit against defendant, Dr. Iraida Pineiro Goepp. After trial, the jury returned a verdict in plaintiff's favor in the amount of $105,003. Defendant appeals from the trial court's order denying her post-trial motion.

Plaintiff has not filed a brief in this appeal. Therefore, we will address defendant's contentions under the standards set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133, 345 N.E.2d 493 (1976).

Defendant presents two issues for review: (1) whether the trial court erred in admitting habit testimony; and (2) whether the jury award was excessive.

We reverse and remand.

## FACTS

Plaintiff, Mercedes Alvarado (Alvarado), filed a complaint alleging dental malpractice against defendant, Dr. Iraida Pineiro Goepp (Dr. Goepp). Plaintiff's third amended complaint alleged that Dr. Goepp treated plaintiff from May 1985 until October 1986. Plaintiff alleged that Dr. Goepp committed one or more of the following acts or omissions: failed to take a proper or adequate history from plaintiff; failed to prepare a proper or adequate treatment plan; failed to follow a traditional sequence of treatment; failed to perform or arrange to have performed certain root canal treatments; applied an inadequate or faulty bridge on the plaintiff's teeth; failed to use a proper temporary bridge on plaintiff's teeth while treatment was in progress; and failed to complete plaintiff's treatment.

Prior to trial, defendant filed a motion *in limine* to bar Dr. Linda Pina (Dr. Pina) from testifying as to Dr. Goepp's office routine or habit. Defendant argued that "in Illinois the only time habit or custom is admissible to prove negligence is in wrongful death cases where there [are] no competent eyewitnesses" and that since eyewitness testimony was available, the habit testimony should have been precluded. After argument, the court denied the motion.

At trial, evidence was adduced regarding Dr. Goepp's course of treatment of the plaintiff.

The evidence deposition of Maria Lysinka was read to the jury. Lysinka was employed by Dr. Goepp as a dental assistant from 1984 to December 1986. In her capacity as a dental assistant, Lysinka was always present in the room with Dr. Goepp when she was treating a patient. Dr. Goepp saw plaintiff for an emergency visit for a tooth extraction. On July 26, 1985, Dr. Goepp and plaintiff discussed a treatment plan for saving or restoring plaintiff's teeth. Plaintiff requested Dr. Goepp to save as many teeth as possible. Dr. Goepp posed several alternative treatment plans to plaintiff. Dr. Goepp also advised plaintiff of the cost of each plan.

Dr. Pina testified that she was a dentist who worked as an independent contractor in Dr. Goepp's office for about six months, until the spring of 1986. Dr. Pina testified she observed Dr. Goepp "often" failed to have a treatment plan, which often led to disputes with patients over money. Dr. Pina left Dr. Goepp's office because "every other day" Dr. Goepp was having disputes with patients about the lack of treatment planning.

## HABIT TESTIMONY

■ Subject to the discretion of the trial court, habit testimony may be admitted provided a proper foundation has been established. *People v. Keller*, 267 Ill. App. 3d 602, 609, 641 N.E.2d 891 (1994).

Illinois courts have adopted Federal Rule of Evidence 406 (Fed. R. Evid. 406) regarding the admission of habit and routine practice evidence. See *Hajian v. Holy Family Hospital*, 273 Ill. App. 3d 932, 942, 652 N.E.2d 1132 (1995); *Taruc v. State Farm Mutual Automobile Insurance Co.*, 218 Ill. App. 3d 51, 578 N.E.2d 134 (1991); *Wasleff v. Dever*, 194 Ill. App. 3d 147, 155, 550 N.E.2d 1132 (1990).

Rule 406 provides:

> "Evidence of the habit of a person or of the routine practice of an organization, *whether corroborated or not* and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice." (Emphasis added.) Fed. R. Evid. 406.

Defendant contends that the trial court improperly allowed Dr. Pina to testify that defendant often failed to provide treatment plans for patients.

■ Defendant's contention that the presence of an eyewitness precludes the admission of habit testimony is contrary to Rule 406 of the Federal Rules of Evidence and case law. Rule 406 permits habit or custom evidence even if eyewitness testimony is available. *Hajian*, 273 Ill. App. 3d at 942.

In addition, Illinois courts have not limited the use of habit testimony to a decedent's careful driving habits in an automobile accident where there are no competent eyewitnesses to testify as to decedent's conduct immediately before the accident. See *Hajian*, 273 Ill. App. 3d 932, 652 N.E.2d 1132 (court allowed nurse to testify that her habit was to respond to patient and family requests); see also *Taruc*, 218 Ill. App. 3d 51, 578 N.E.2d 134.

■ Defendant made another objection to the habit testimony that does have merit, the vagueness and generality of the foundation for Dr. Pina's testimony.

Her objection was: "Objection, Judge. Relevancy, no foundation as to this particular case." The relevancy objection would not have been sufficient to preserve the foundation issue (see *Bradfield v. Illinois Central Gulf R.R. Co.*, 115 Ill. 2d 471, 505 N.E.2d 331 (1987)), but adding the words "no foundation as to this particular case," while minimal, was enough to bring the purported error to the trial judge's attention.

We agree with the defendant that no proper foundation was established for the habit testimony. The party seeking to admit habit testimony must "show conduct that becomes semiautomatic, invariably regular and not merely a tendency to act in a given manner." *Hajian*, 273 Ill. App. 3d at 943; *Knecht v. Radiac Abrasives, Inc.*, 219 Ill. App. 3d 979, 986, 579 N.E.2d 1248 (1991). "It is the notion of virtually invariable regularity that gives habit its probative force." M. Graham, Cleary & Graham's Handbook of Illinois Evidence § 406.1, at 229 (6th ed. 1994).

Dr. Pina testified that Dr. Goepp "often" failed to have a treatment plan. She said she left the office because "every other day" Dr. Goepp was having disputes with patients about the lack of treatment planning.

That foundation was vague, general, and ambiguous. There were no specifics, no numbers, no testimony about the kind of patient or the kind of treatment involved. There were no time parameters. Vernacular cannot substitute for facts. The need for a specific foundation was especially acute in this case because the plaintiff was attempting to establish a negative, a failure to do something.

The lack of a treatment plan for the plaintiff was a major issue in this case. Dr. Pina's habit testimony was used extensively by the plaintiff in final argument to establish the defendant's negligence. The evidence was closely balanced.

We find that admission of the habit testimony on so shaky a foundation was reversible error.

Because of our disposition of the evidentiary issue, we do not

reach the question of whether the jury's verdict was excessive and the result of passion and prejudice.

CONCLUSION

The jury's verdict in favor of the plaintiff is reversed and this cause is remanded for a new trial.

Reversed and remanded.

CAMPBELL, P.J., and BRADEN, J., concur.