(No. 76-CC-2347—

JAMES G. KIRCHNER, Administrator of the Estate of June E. Kirchner, Deceased, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed January 8, 1986.*

*Order on motion for rehearing filed May 15, 1986.*

DUNN, BRADY, GOEBEL, ULBRICH, MOREL & JACOB (JOHN L. MOREL, of counsel), for Claimant.

NEIL F. HARTIGAN, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

PATCHETT, J.

This case involves an accident which occurred at approximately 8:30 a.m. on December 16, 1975, on Route 150 on the overpass over Interstate 74. Route 150 runs in a north and south direction. June Kirchner, the wife of James Kirchner and the mother of two minor children, was driving alone in a four-wheel drive Jeep in a southerly direction from her home in Carlock, Illinois, to Bloomington, Illinois. The Kirchner vehicle apparently flipped over, which resulted in trapping Mrs. Kirchner under the vehicle and causing her death by acute asphyxiation. There were no eyewitnesses to the accident.

It would appear that on the day of the accident, the highway on both sides of the overpass was dry and clear. It was a cold, windy day. Gordon McClure, a State employee, testified that on the day of the accident at approximately 7:00 a.m., he crossed the overpass in question, and that the overpass was frosty. He reported this condition to his superior, Mr. Hill. Mr. Hill informed two State employees to start treating the bridges in the area for icy conditions. McClure was also at the overpass on the day of the accident at approximately 9:30 a.m. The floor of the bridge was slippery at that time. Apparently, the State employees treated many bridges in the area with salt and sand, but did not treat the span in question before the accident occurred. Other witnesses testified to the slippery condition of the overpass. It is clear, therefore, that the bridge was

slippery at the time the accident occurred. It is also clear that the State had notice of the slippery condition of this bridge, said notice having been furnished by Mr. McClure. There was also testimony from Mr. Cooper, a deputy coroner of McLean County, Illinois, as to the location of the vehicle after the accident.

An opinion was filed in this case on October 23, 1981. Subsequently, the Claimant filed a petition for rehearing. Oral argument on the petition for rehearing was held on November 5, 1982. The Court has carefully considered the petition for rehearing filed on behalf of the Claimant, and the oral argument held before the Court of Claims.

We feel that the State of Illinois had actual notice in this case that the bridge in question was icy. The accident occurred approximately 1½ hours after the State obtained this knowledge. During that time, the bridge was not treated and, more importantly, no warnings were placed to warn of the dangerous condition of the bridge. It is also clear that there was sufficient evidence as to the deceased's careful driving habits. This raised the presumption that the deceased was in exercise of due care at the time of the accident. (See *Hardware State Bank v. Cotner* (1973), 55 Ill. 2d 240, 245, and *Plank v. Holman* (1970), 46 Ill. 2d 465, 470.) There is some difficulty in finding that the negligence of the Respondent was the proximate cause of the accident. However, we feel that careful examination of the record establishes by a preponderance of the evidence that the failure of the State to warn of the condition of the overpass, or to take any action at all to treat the overpass, was the proximate cause of the accident in question.

It is undeniable that the Claimant was damaged as a result of this accident, and that the damage was significant. Mrs. Kirchner was a 32-year-old mother of two and employed at the time of her death. It is uncontroverted that her life expectancy was 47 years at the time of her death, and her approximate annual income was $8,000.00. Further, we agree with the Claimant that there is a presumption of substantial pecuniary loss in favor of the lineal heirs in a case such as this.

Based on all of the aforementioned and giving close consideration to the cases of *Kessler v. State* (1974), 29 Ill. Ct. Cl. 422, and *Bovey v. State* (1955), 22 Ill. Ct. Cl. 95, 101, we award the Claimant the sum of $100,000.00.

## ORDER ON MOTION FOR REHEARING

PATCHETT, J.

This cause comes on for a decision upon the motion for hearing *en banc* and the motion to reconsider or, in the alternative, motion for rehearing or, in the alternative, motion for new trial, filed herein by the Respondent; and the Court having noted the motions and answer filed herein by the Claimant; and the Court having reconsidered this case in its entirety finds no reason to grant the motion for hearing *en banc* considering the fact that this opinion was concurred with by two other judges of the Court of Claims; and the Court further finds no reason to grant a rehearing or new trial or to reconsider the opinion in this case; the Court further finds that this case was filed in 1976, it was tried, it was taken to judgment and an opinion previously issued, and previously reconsidered in full, leading to the opinion filed January 1986,

Wherefore, the Court hereby denies the Respondent's motion and orders that the Opinion filed in January 1986 shall be given full force and effect.