DAVID RINESMITH, Plaintiff-Appellant, v. GLENN L. STERLING *et al.,* Defendants-Appellees.

Fourth District   No. 4—97—0129

Opinion filed December 8, 1997.

David A. Tuggle (argued), of Doyle & Tuggle, of Danville, for appellant.

William F. Costigan and John Casey Costigan (argued), both of Costigan & Wollrab, P.C., of Bloomington, for appellees.

JUSTICE GREEN delivered the opinion of the court:

In March 1994, plaintiff, David Rinesmith, brought suit in the circuit court of Champaign County against defendant Glenn L. Sterling (Sterling), and his employer, defendant George L. Zibert (Zibert), d/b/a Z-Line Trucking Company (Z-Line). Plaintiff sought damages for injuries he received in a collision between the automobile plaintiff was driving and a truck being driven by Sterling while in his employment with Zibert. After a trial by jury, the circuit court entered judgment on a verdict for both defendants. Plaintiff has appealed, contending the circuit court erred in refusing to permit plaintiff to present opinion testimony by an expert witness.

We conclude that some of the questioned testimony by the expert could have been properly admitted by the circuit court, but, under the circumstances, the circuit court did not abuse its discretion in refusing admission of the testimony. Accordingly, we affirm.

The following facts are not disputed. On the evening of November 9, 1992, Sterling was driving a tractor and semi-trailer southward on Interstate Highway 57, hauling steel coils for Z-Line. Sterling swerved to avoid hitting a deer, causing his truck to leave the pavement and enter the grassy median. His truck hit a guardrail, causing both the truck and semitrailer to turn on their sides. When they came to rest, they blocked the left lane and part of the right lane of southbound traffic. Sterling estimated his speed at between 55 and 60 miles per hour and that the deer were 200 to 300 feet in front of him when he first saw them.

A truck driven by Lyle McCollam and a bus driven by Mahlon Meneley then came upon the scene and stopped along the side of the road. McCollam, Mahlon, and Mahlon's brother Gary saw plaintiff's car pass their parked vehicles and collide with Sterling's overturned truck. Gary Meneley testified that, in his opinion, plaintiff was traveling at a speed of at least 70 to 75 miles per hour and his brake lights never went on nor did he ever swerve. We discuss McCollam's testimony later.

The expert witness whose testimony was excluded was Dwayne Owens. Prior to trial, the defense made a motion to exclude that testimony and the trial judge withheld ruling on that motion until he had heard all of plaintiff's other testimony. He then allowed the motion, excluding all testimony. In closing argument, plaintiff's

counsel stated that the discovery deposition of Owens and a report of his that were before the court constituted his offer of proof. No individual offers of proof were made as to particular questions and answers or as to any particular line of questions and answers.

Owens' proposed testimony included opinions that (1) judging from the surrounding circumstances, Sterling's truck was traveling at approximately 55 miles per hour at the time it left the road; (2) at the time plaintiff's vehicle approached the truck, it was traveling at approximately 57 miles per hour; (3) Sterling should have been able to stop before hitting the deer and used dangerous and unreasonable tactics in swerving to avoid the deer; (4) Sterling's driving was the direct and proximate cause of the collision between plaintiff's vehicle and the truck; (5) the truck and its trailer were not visible to plaintiff as he approached; and (6) the presence of the other vehicles with their lights on was a distraction to plaintiff rather than a warning of impending danger requiring him to slow down.

Accordingly, Owens would have testified to the following material questions: (1) the speed at which Sterling was driving, (2) the skill with which Sterling was driving, (3) the speed at which plaintiff was driving, and (4) the effect the totality of the scene that plaintiff confronted would have upon plaintiff's ability to avoid the wrecked vehicle in front of him. Some of this testimony included a reconstruction of what likely happened and some of it concerned opinions as to the care exercised by the two drivers.

The question of the propriety of expert testimony of the nature here has undergone great scrutiny in recent years, and the trend has been to grant admissibility to more of this type of testimony. The Supreme Court of Illinois has spoken most recently in *Watkins v. Schmitt*, 172 Ill. 2d 193, 665 N.E.2d 1379 (1996), and *Zavala v. Powermatic, Inc.*, 167 Ill. 2d 542, 658 N.E.2d 371 (1995). *Watkins* involved a wrongful death suit arising from a collision between an automobile and a cement mixer. The supreme court held that the trial court properly refused to permit expert reconstruction testimony as to the speed of the cement mixer when an eyewitness had already testified to that matter and where determination of the speed of an automobile does not involve " ' "knowledge and application of principles of science beyond the ken of the average juror." ' " *Watkins*, 172 Ill. 2d at 205, 665 N.E.2d at 1385-86, quoting *Zavala*, 167 Ill. 2d at 546, 658 N.E.2d at 374, quoting *Plank v. Holman*, 46 Ill. 2d 465, 471, 264 N.E.2d 12, 15 (1970).

Here, eyewitnesses testified as to the speed of the two vehicles, and this determination was also within the ken of the average juror. A trial judge has some discretion in regard to the admission of expert

testimony. *Augenstein v. Pulley*, 191 Ill. App. 3d 664, 681, 547 N.E.2d 1345, 1356 (1989). Clearly, the trial judge here acted within his discretion in deeming the expert testimony in regard to speed inadmissible. See *Watkins*, 172 Ill. 2d at 206, 665 N.E.2d at 1386.

Similarly, the expert testimony that the position of the vehicles that were stopped because the truck was blocking the road was likely to have distracted plaintiff, rather than have warned him of danger, did not involve phenomena that was beyond the knowledge of the average juror and the court acted within its discretion in also excluding that testimony. The exclusion of the proposed testimony in regard to the skill, or lack thereof, with which Sterling was driving when his vehicle went off the highway presents a different problem.

Prior to *Watkins*, in *Zavala* (167 Ill. 2d at 546, 658 N.E.2d at 374) the supreme court held expert reconstruction testimony admissible when it involved scientific principles beyond the ken of the average juror even though eyewitnesses were available to testify to the occurrence involved. There, the operator of a drill press sought relief against the manufacturer of the drill press for the loss of two of his fingers incurred when the operator's fingers came into contact with the mechanism. The supreme court concluded that the engineering principles involved were well beyond the ken of the average juror and upheld the allowance of testimony from an expert engineer who testified to a reconstruction of what he thought happened.

*Zavala* (167 Ill. 2d at 546, 658 N.E.2d at 374) cites with approval the decision of the Fifth District Appellate Court in *Augenstein* (191 Ill. App. 3d at 681, 547 N.E.2d at 1356), holding that the existence of eyewitnesses is just one factor in deciding whether expert testimony is admissible. Despite the presence of eyewitnesses in *Zavala*, expert testimony was appropriate because of the complicated nature of the issue. In *Watkins*, expert testimony was not appropriate in regard to the speed of an automobile because the concept there was familiar to the average juror. *Watkins*, 172 Ill. 2d at 206, 665 N.E.2d at 1386.

In *Augenstein*, an automobile collision case, the issue concerned the propriety of expert testimony as to point of impact when eyewitnesses were available. The *Augenstein* opinion gave a thorough summary of the various cases concerning expert reconstruction testimony and related expert testimony and indicated a gradual greater emphasis on the question of whether the expert testimony would be of aid to the trier of fact rather than whether it was necessary. *Augenstein*, 191 Ill. App. 3d at 680-81, 547 N.E.2d at 1355-56. In *Palmer v. Craig*, 246 Ill. App. 3d 323, 327-28, 615 N.E.2d 1294, 1297 (1993), also an automobile collision case where point of impact was an issue, this court stated a general agreement with *Augenstein*.

While most people, including the average juror, are familiar with the driving of an ordinary automobile, the driving of a tractor pulling a semitrailer hauling heavy steel coils is clearly not a matter within the "ken of the average juror." The jury here would have been aided by testimony as to whether a normally skilled driver would have attempted to stop rather than swerve around the deer. The fact that such testimony would constitute an opinion as to the ultimate issue of Sterling's exercise of care is no longer a ground for excluding such testimony. See *Zavala*, 167 Ill. 2d at 545, 658 N.E.2d at 373; see also *Merchants National Bank v. Elgin, Joliet, & Eastern Ry. Co.*, 49 Ill. 2d 118, 122, 273 N.E.2d 809, 811 (1971).

The opinion testimony concerning the manner in which Sterling drove would have aided the jurors' determination on a matter upon which most of them were likely to have little knowledge or experience. As Owens' expertise was not disputed, the requirement for admissibility of this aspect of the offer was met. See *Augenstein*, 191 Ill. App. 3d at 681, 547 N.E.2d at 1355. However, two factors combined to justify the circuit court's exclusion of Owens' testimony.

Decisions of this state in regard to evidence have set forth a rule that when a single offer of proof is made and part of the evidence offered is inadmissible, the court does not err if it excludes all of the testimony offered. *Hairgrove v. City of Jacksonville*, 366 Ill. 163, 182, 8 N.E.2d 187, 196 (1937); *Donnan v. Donnan*, 256 Ill. 244, 252, 99 N.E. 931, 934 (1912); *People v. Duarte*, 79 Ill. App. 3d 110, 126, 398 N.E.2d 332, 344 (1979); *People v. Robinson*, 56 Ill. App. 3d 832, 837-38, 371 N.E.2d 1170, 1174 (1977); see also M. Graham, Cleary & Graham's Handbook of Illinois Evidence § 103.8, at 26 (6th ed. 1994). In *Hairgrove*, litigation arose over the validity of an ordinance by which the City of Jacksonville would create a system whereby the city was to build and operate an electrical power plant. An offer of proof was made in regard to expert testimony concerning plans and specifications for the proposed power plant. The supreme court held that, as some of the expert testimony offered was inadmissible and some was admissible, the trial court did not err in denying the entire offer of proof. *Hairgrove*, 366 Ill. at 182, 8 N.E.2d at 196.

Here, in rejecting plaintiff's offer of proof, the trial judge indicated he found all of Owens' opinions concerned matters within the ken of the average juror. The foregoing precedent indicates the trial court was not required to go through each portion of the offer and make a separate ruling as to each portion. Rather, to preserve any error in regard to refusal of specific portions of the offer, the duty was on the plaintiff to obtain a separate ruling as to each such portion the plaintiff deemed salvageable. This was not done here. As

indicated in the foregoing cases, this rule applies to all witnesses and not merely to those with expertise.

The court wisely waited until plaintiff had presented all of his other evidence before ruling upon the admissibility of the testimony of Owens. Part of that evidence was the testimony of Lyle McCollam, who for 12 years had been driving semis four to five days a week. The substance of his testimony was that Sterling should not have swerved and should have taken the chance that the truck would hit the deer, because the truck weighed 80,000 pounds and the deer would have weighed approximately 400 pounds and likely would not have hurt the truck or the driver. Defendant Zibert also testified that he agreed Sterling should not have swerved to avoid the deer. Thus, the likely admissible testimony of Owens in regard to the proper decision that Sterling should have made in driving the semi was, at best, merely cumulative.

The circuit court has granted substantial discretion in ruling on *in limine* motions in civil cases. *Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.*, 224 Ill. App. 3d 559, 578, 586 N.E.2d 600, 613 (1991); see M. Graham, Cleary & Graham's Handbook of Illinois Evidence § 103.9, at 29 (6th ed. 1994). Under the circumstances here, the circuit court did not commit error in failing to ferret out the small portion of Owens' report that, of itself, was admissible and permitting this testimony to go to the jury. On that basis, we affirm the judgment on appeal.

Affirmed.

KNECHT and STEIGMANN, JJ., concur.